UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEKOVA CASTILLO,

      Plaintiff,

vs.                                                                      Case:

HERNANDO COUNTY SUPERVISOR
OF ELECTIONS,

      Defendant.

_____/

## COMPLAINT

Plaintiff, TEKOVA CASTILLO, hereby sues Defendant, HERNANDO COUNTY
SUPERVISOR OF ELECTIONS, and alleges:

### NATURE OF THE ACTION

1.      This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. § 2000e
et seq. and 42 U.S.C. § 1981.

2.      This is an action involving claims which are, individually, in excess of
Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest. Jurisdiction of this
Court is invoked pursuant 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343
(civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      Venue in this court is proper as the events and omissions complained of occurred
within the geographical area of this court.

### THE PARTIES

4.      At all times pertinent hereto, Plaintiff, TEKOVA CASTILLO, has been a resident
of Hernando County, Florida and is a former employee of Defendant. Plaintiff is a member of a
protected class because of his race, African American, and because he reported discrimination

and was a victim of retaliation thereafter.

5.      At all times pertinent hereto, Defendant, is the Hernando County Supervisor of Elections for the Division of Elections of the Florida Department of State, and administers all elections in Broward County. Hernando County Supervisor of Elections Office, is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended and has continuously had at least 15 employees.

6.      On June 5, 2012, plaintiff dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under its work sharing agreement with the Florida Commission on Human Relations. More than sixty (60) days have elapsed since the filing of said Charge as required for institution of this action. Plaintiff has formally requested his Notice of Right to Sue from the Tampa Field Office District Director.

## STATEMENT OF THE ULTIMATE FACTS

7.      Plaintiff, an African American male, was employed as an Elections Specialist by Defendant. He was hired by the current Supervisor of Elections Annie Williams and he was making $8.70 per hour at the time of his termination.

8.      Since at least February of 2012, Defendant engaged in unlawful employment practices at its West Hernando Government Center, in violation of Title VII.

9.      Plaintiff is a member of a protected class under Title VII because of race (Black) and/or because he engaged in protected activity.

10.     During Plaintiff's employment, he was subjected to race-based discrimination, harassment and retaliation including subjecting Plaintiff to a hostile work environment, different terms and conditions of employment, and termination.

11.     The unlawful hostile work environment included, but was not limited to, making and tolerating derogatory remarks, as he was repeatedly referred to as a "monkey" by County Commissioner Jeff Stabins.

12.     Beginning in February 2012, Commissioner Stabins began a weekly routine of entering the Elections Office where Plaintiff worked to harass him by calling him a "Monkey", and to make fun of the fact that he would be out of a job after the upcoming election, as the

Commissioner believed that the new supervisor of Elections was sure to get rid of him

13.    Commissioner Stabins was supporting Shirley Anderson, a white female who was running against Elizabeth Townsend, a black female co-worker of Plaintiff who also worked in the elections office under Annie Williams.

13.    As a supporter of Shirley Anderson, the commissioner began to make weekly appearances in the Supervisors office making statements that Shirley was going to clean house when she gets elected.

9.    His weekly routine of commenting on the Hernando County Election landscape continued into April and May. In the latter part of May 2012 at around 8:30 a.m. Commissioner Jeff Stabins came into the Elections Office and in the presence of Cookie Ruiz and Dan Oliver made the following statements to Plaintiff, Tekova Castillo, "your boss Elizabeth Townsend and is an idiot who can't count from one to thirty-nine." This statement was a reflection of Commissioner Stabins disdain for the manner in which the County's precincts were downsized by Elections Supervisor Williams due to budget constraints.

10.    Commissioner Stabins went on to say to Plaintiff that "Shirley Anderson would win the election and that when she does he (plaintiff) would be the first one that she fires. He then proceeded to offer Plaintiff his version of career advice when he told Plaintiff, "what about a ditch digger, what about a ditch digger, a ditch digging nigger."

11.    Plaintiff was shocked and taken back over the Commissioners comments toward him. He had always respected his position as an authority figure and as an elected official. After a long moment of silence and no response from Mr. Castillo, Mr. Stabins asked him, "Why are you so calm."

12.    After a few moments and still visibly shaken from the harsh hateful words spoken toward him by a sitting elected County Commissioner, Plaintiff, Mr. Castillo responded to Mr. Stabins with, "I refuse to stoop to your level, I would expect better from an educated person."

12.    The harassment described above was witnessed by Cookie Ruiz who signed a sworn affidavit describing Commissioner Stabin's harassment toward Plaintiff from February 2012 through to May 25, 2012.

13.    Plaintiff subsequently made a complaint with the Hernando County Sheriff's Office, where he was informed by an officer that they would not take down a report but he was

given a card with a case number.

14.     At all times throughout this period of harassment, Defendant had actual or constructive knowledge. From February through to May of 2012, fellow co-workers and supervisors of Mr. Castillo were aware of and or witnesses to Mr. Stabin's racists and bigoted remarks toward Mr. Castillo.

15.     Plaintiff complained about the racist remarks and conduct to the Hernando County Human Resources Department and filed a formal complaint.

15.     In addition, he complained to his supervisors as well as to Annie Williams, the Supervisor of Elections.

16.     Instead of conducting an investigation into the harassment allegations made by Plaintiff, Defendant breached the confidentiality surrounding these sensitive harassment allegations and leaked information to the local newspaper detailing portions of Mr. Castillo's allegations.

17.     At all times relevant hereto, Plaintiff's performance was more than satisfactory.

18.     Defendant subjected Plaintiff to subjectively and objectively worse terms and conditions of employment than were given to similarly situated co-workers not engaged in protected activity under Title VII.

19.     Plaintiff's work schedule changed after the complaints. His work hours were changed with little to no notice provided. Subsequent to his complaints of discriminatory harassment, Plaintiff was forced to work until 8 or 9:00p.m. and told that he needed to work on Sundays.

20.     As an hourly employee, Plaintiff falls under the Fair Labor Standards Act and is owed time and a half for each hour worked over 40.

21.     Subsequent to his complaints of discriminatory harassment, Plaintiff stopped receiving overtime pay, but yet he was being required to work well into the night and on weekends.

22.     After Plaintiff's harassment complaints, his co-workers began to make comments to him referencing Commissioner Stabin's racists remarks.

23.     Plaintiff regularly reported the discrimination and harassment to his supervisors who did nothing to stop the ongoing discrimination and harassment, which continued, even

though Plaintiff continued to complain on a regular basis.

24.     Despite Plaintiff's numerous complaints to Defendant's management, Defendant failed to take any meaningful steps to protect Plaintiff from the discrimination, harassment and retaliation he had been subjected to an the complaints only worsened the treatment.

25.     On May 5, 2012 the Plaintiff filed an EEOC Charge of Discrimination.

26.     In October of 2012, the plaintiff participated in an EEOC Mediation Conference with the Defendant County.

23.     Less than a week after the EEOC Mediation Conference, defendant Hernando County Supervisor of Elections terminated Plaintiff's employment effective immediately. Plaintiff received a phone call Friday evening from Supervisor of Elections Annie Williams, in which she stated that his employment of six (6) years with the County was terminated. She then informed him that a Deputy from the City of Brooksville, Florida would be coming by to pick up his office keys within the hour. She instructed him to be waiting outside his home for the deputy to arrive and retrieve his office keys.

22.     Plaintiff complied and gave his keys to the officer that arrived to his home shortly after 6:00 p.m. on Friday October 12, 2012.

23.     After the termination of Plaintiff, and on or about October 31, 2012, the defendant Hernando County caused to be published in Hernando County newspaper, a report which criticized the Plaintiff for his job performance and attitude.

24.     The report cited was allegedly prepared by the Supervisor of Election and/or Hernando County.

25.     During the relevant time period, Plaintiff, Mr. Castillo was never interviewed and or questioned by anyone from the Hernando County Human Resources Department and/or the Supervisor of Elections office in regards to the incident referenced in the "Report" cited in the newspaper article. Furthermore, Plaintiff was never informed that an official "Report" was being made of the incident because an official investigation was never done.

26.     The newspaper article included derogatory conclusions about the Plaintiff that were patently false and not supported by the facts.

27.     Subsequent to Plaintiff's termination from the County he applied for Unemployment Compensation and was denied after the County made false statements to block

Plaintiff from receiving unemployment compensation benefits.

28.     Throughout Plaintiff's six years working as an Elections Specialist with the Supervisor of Elections Office he was never written up for any performance issues nor was he ever disciplined for violating the policies and procedures of the County.

## COUNT I

## RACE DISCRIMINATION, RACIAL HARASSMENT IN VIOLATION OF TITLE VII AND FLORIDA STATUTE 760.10

29.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:   Paragraphs 1 through 25.

30.     This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes and Title VII, 42 U.S.C 2000(e) *et seq*.

31.     Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

32.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions created perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

33.     In essence, the actions of Plaintiff's Harasser, Commissioner Stabins and Defendant's agents, were condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

34.     As a County Commissioner, Mr. Stabins was of sufficiently high rank to be treated as a proxy of the governmental organization of Hernando County. As such, his unlawful

harassment is imputed onto the employer.

35.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse action against Plaintiff including without limitation his termination.

36.     The unlawful employment practices complained of above were intentional and done with the express purpose of denying Plaintiff continued employment.

37.     As a direct, natural, proximate and foreseeable result of the aforementioned acts of the Defendant, Hernando County, Plaintiff, Tekova Castillo, has suffered loss of back pay, front pay, loss of past and future benefits, emotional damages including but not limited to pain and suffering, mental anguish, inconvenience, loss of dignity, loss of enjoyment of life and other pecuniary losses.

38.     Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay, and damages for emotional distress, pain and suffering and mental anguish, pre and post judgment interest, attorney's fees, costs and such other relief

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 1981, AND FLORIDA STATUTE 760.10

39.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:   Paragraphs 1 through 38.

40.     Defendant is an employer as that term is used under the applicable statutes referenced above.

41.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under 42 U.S.C 2000e et seq., Title VII of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes and 42 U.S.C. 1981.

42.     Defendant's conduct, through that of the Commissioner, violated plaintiff's right to be free from discrimination in her employment on account of his having opposed unlawful employment practices, as guaranteed by the opposition clause of Title VII of the Civil Rights Act

of 1991 and Chapter 760, Florida Statutes and 42 U.S.C. § 1981. The foregoing unlawful actions by Defendant were purposeful.

43.     Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and participated in EEOC proceedings in which discrimination and/or retaliation were involved. Thereafter, he was the victim of retaliation as related in part above. The events set forth herein lead, at least in part, to Plaintiff's termination one week after participating in EEOC Mediation.

44.     Plaintiff is a member of a protected class because he reported unlawful employment practices and the adverse employment action taken thereafter.

45.     As a direct and proximate result of the conduct of Defendant County and Commissioner Stabins as a proxy of the governmental organization of Hernando County, Plaintiff has suffered mental anguish, emotional distress, expense, and loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible damages. These damages are continuing and are permanent.

46.     Defendant failed to take remedial action in response to Plaintiff's complaints regarding the racial harassment, hostile work environment, and the retaliation to which Plaintiff was subjected.

47.     The acts alleged in this Complaint constitute a violation of Section 760.10(7), Florida Statutes, "it is an unlawful employment practice for an employer to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted in any manner in an investigation, proceeding or hearing under this section."

48.     As a direct, natural, proximate and foreseeable result of the aforementioned acts of the Defendant, Hernando County, Plaintiff, Tekova Castillo, has suffered loss of back pay, front pay, loss of past and future benefits, emotional damages including but not limited to pain and suffering, mental anguish, inconvenience, loss of dignity, loss of enjoyment of life and other pecuniary losses.

Wherefore, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay, and damages for emotional distress, pain and suffering and mental anguish, pre and post judgment interest, attorney's fees, costs and such

other relief

## COUNT III

## RACIAL DISCRIMINATION/HARASSMENT IN
## VIOLATION OF 42 U.S.C. SECTION 1981

49.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:   Paragraphs 1 through 48.

50.     Plaintiff was employed by the Defendant, Hernando County Supervisor of Elections.

51.     That as employers within the meaning of 42 U.S.C. §1981, the Defendant owed at all times a duty to Plaintiff not to harass and/or discriminate against him with respect to employment, compensation or other conditions or privileges of employment due to his race.

52.     That Plaintiff is an African-American and is a member of a protected class entitled to that protection afforded by 42 U.S.C. §1981.

53.     At all times pertinent hereto, Plaintiff was an excellent and dedicated employee, highly proficient and in all respects acted in the best interest of his employer.

54.     That the race of the Plaintiff was not a term, requirement or condition of employment with Defendant, and Plaintiff's race did not in any way affect his job performance.

55.     That during Plaintiff's tenure of employment, he was victimized by Defendant and/or its respective agents and employees in the following manner:

a. Subjected to racial comments, statements, inferences and gestures, directly and indirectly;

b. Subjected to harassment by Commissioner Stabins as a proxy of the governmental organization of Hernando County and co-employees due to race;

c. Subjected to continued demeaning behavior, increased scrutiny, and negative treatment that his co-workers shunned him out of fear of retaliation;

d. Subjected to disparate denial of overtime pay;

e. Subjected to the public release of confidential complaint of racial discrimination and harassment by Defendant;

f. Subjected to a racially harassing, hostile and intimidating employment environment based upon conduct set forth in subparts a-e by co-workers and supervisory employees;

g. Subjected to other forms of racial harassment, which may be revealed throughout the course of litigation.

56.     That all of the aforesaid conduct was made known to and complained of to supervisory personnel of the Defendant herein by Plaintiff.

57.     That, despite said complaints, said conduct continued unfettered and no effort was made by management, employees, or agents of each of Defendant, to curtail or otherwise curb and prevent such discriminatory conduct.

58.     The conduct by each of the Defendant's employees had the purpose and/or effect of substantially interfering with the Plaintiff's employment and/or creating a racially intimidating, hostile, and offensive employment environment.

59.     Defendant had both actual and constructive notice that its employees were creating a hostile and offensive work environment for the Plaintiff.

60.     Despite having notice of the conduct of its employees and supervisory personnel toward the Plaintiff, and other minorities, Defendant failed to take any remedial action.

61.     The conduct as set forth above by each of the Defendant's employees and their failure to take remedial action violates 42 U.S.C. §1981.

62.     The opportunity to maintain employment without racial and ethnic harassment is recognized and declared a civil right by 42 U.S.C. § 1981.

63.     As an employer, the Defendant owed Plaintiff a duty pursuant to 42 U.S.C. §1981 to:

a. Not to limit, segregate, classify Plaintiff in a way that deprived or intended to deprive him of an employment opportunity or otherwise adversely affect his employment status because of his race.

b. Not to cause and/or condone racial harassment.

c. Not to develop and or implement a plan or course of action to intimidate and harass African American employees.

d. Not to develop or implement a procedure that has the effect of intimidating employees from opposing or complaining about racial/ harassment and discrimination.

e. Not to develop or implement a procedure or course of action to retaliate against African-American employees opposing or complaining of racial harassment.

64.     Defendant violated the duties mandated by 42 U.S.C. §1981, by racially and harassing the Plaintiff and/or by failing to take remedial action to end such harassment, willfully and with intentional disregard of the Plaintiff's rights and sensibilities.

65.     As a direct and proximate result of Defendant's willful, knowing and intentional harassment, Plaintiff has suffered and will continue to suffer pain and suffering, and severe mental anguish and emotional distress. The Plaintiff has suffered and will continue to suffer a loss of earning and other employment benefits and job opportunities. As such, Plaintiff is thereby entitled to general and compensatory damages in amount to be proven at trial.

66.     As further direct and proximate result of Defendant's violation of 42 U.S.C. §1981 of as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to enforce federal and state laws prohibiting such harassment, and hence forced to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. As such, Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. §1981.

67.     The Plaintiff is informed and believes, and based thereon alleges, that the conduct of Defendant described above was done with intent; with a conscious disregard for his rights; and with the intent, design and purpose of injuring him. The Plaintiff is further informed and believes that Defendant, through its Plaintiffs, managing agents and/or supervisors, authorized, condoned and/or ratified the harassing conduct complained of by him. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

## COUNT VI: FLSA
### (Overtime Compensation)

68.     Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 13 by reference.

69.     In several workweeks during the relevant period, Plaintiff worked, and continue to work in excess of 40 hours per week for Defendant. In these workweeks, Plaintiff was not paid

overtime compensation by Defendant as is required by §207 of the FLSA for all such hours.

70.     As a direct and proximate result of Defendant's failure to pay overtime compensation, Plaintiff has been damaged in the loss of wages due, and has incurred and is incurring costs and reasonable attorneys' fees.

71.     Defendant's failure to pay overtime was deliberate, willful and without good faith or any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages (unpaid overtime compensation), liquidated damages (double damages) and attorneys' fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## COUNT VI
## RACE DISCRIMINATION, RACIAL HARASSMENT, AND RETALIATION IN VIOLATION OF 42 U.S.C. §1983

72.     Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 71.

73.     The harassing behavior that Plaintiff was subject to was based on Plaintiff's race (black), and was sufficiently pervasive and severe such that it affects the terms and conditions of Plaintiff's employment, affects tangible aspects Plaintiff's employment, and it was never remedied despite Defendant's knowledge of it.

74.     The Defendant's refusal to investigate and protect Plaintiff from harassment was based on his race, and based on Plaintiff having repeatedly complained of race discrimination and harassment and otherwise having asserted his rights. The discrimination and harassment, constitute a continuing violation and would not have occurred but for Plaintiff's race and but for Plaintiff's protected activity.

75.     The Defendant, acting under color of law, and committing the actions described

above, deprived Plaintiff of rights, privileges and immunities provided by the United States Constitution and denied him equal protection under the law, in violation of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983, whereby he has suffered and will continue to suffer both irreparable and compensable damages unless and until this Court grants relief.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay and front pay with interest thereon, compensatory damages for emotional distress and loss of enjoyment of life, attorney's fees and costs injunctive relief and/or reinstatement, prejudgment interest, and any other such relief that the Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so deemed triable as a matter of right.

DATED: December 14, 2012.

Respectfully submitted,

/s/ Antonios Poulos____
Antonios Poulos
Attorney for Plaintiff
Florida Bar Number: 0039669
400 North Ashley Dr.
Suite 2600
Tampa, FL  33602
Telephone: (813) 712-8742
Fax: (813) 902-7042
E-mail: tony@pouloslawtampa.com
Secondary e-mail:Shena@pouloslawtampa.com

EEOC Form 161-B (11-09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To | Tekova Castillo<br>600 Darby Lane<br>Apt 80<br>Brooksville, FL 34601 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2012-01848 | David Hamilton,<br>Investigator | (813) 202-7950 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*       NOV 2 7 2012

Enclosures(s)

**Georgia M. Marchbanks,**
**Director**

*(Date Mailed)*

cc

HERNANDO COUNTY GOVERNMENT
20 N Main St.
Brooksville, FL 34601

Antonios Poulos, Esq.
POULOS LAW FIRM
400 North Ashley Drive
Suite 2600
Tampa, FL 33602