UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TEKOVA CASTILLO,

    Plaintiff,

v.                                                   CASE NO: 8:12-cv-2815-T-26MAP

HERNANDO COUNTY SUPERVISOR
OF ELECTIONS,

    Defendant.
_____/

**O R D E R**

Pending before the Court for resolution is Defendant's motion to dismiss Plaintiff's second amended complaint and Plaintiff's response in opposition. After careful consideration of the parties' submissions, together with the procedural history of this case, the Court concludes that the motion is due to be granted but with leave of Court to allow Plaintiff one more opportunity to file a complaint against what he claims is the proper party defendant which states a cause of action against that defendant.

On March 12, 2013, this Court entered an order at docket 13 *sua sponte* striking Plaintiff's original complaint against the Hernando County Supervisor of Elections because it constituted the type of quintessential shotgun pleading which had been repeatedly condemned by the Eleventh Circuit Court of Appeals and directing Plaintiff to replead his complaint. Plaintiff's repleaded amended complaint alleged causes of action against Hernando County and not the Hernando County Supervisor of Elections. After carefully considering Defendant Hernando

County's motion to dismiss and Plaintiff's response, the Court entered an order on May 6, 2013, at docket 22, granting the motion because Hernando County had never been served with process, thus depriving the Court of personal jurisdiction over that Defendant. As the Court further observed, Hernando Count and the Hernando County Supervisor of Elections are distinct political entities.

In the second amended complaint under review, Plaintiff once again returns his focus to the Hernando County Supervisor of Elections as the party Defendant from whom he seeks relief. Curiously, however, Plaintiff in his response takes the position that Hernando County is his true employer and not the Hernando County Supervisor of Elections, that the latter entity is an agent of the former entity, and that, therefore, he has sufficiently alleged facts establishing Hernando County as a proper party Defendant.[1] The problem with this argument is that the record before this Court conclusively reflects that Hernando County has never been served with process and, given that circumstance, the Court, based on the cases cited in its order of May 6, 2013, filed at docket 22, lacks personal jurisdiction with regard to Hernando County.

Accordingly, it is ordered and adjudged that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 24) is granted. Plaintiff shall file a third amended complaint on or before July 5, 2013. In the event Plaintiff names Hernando County as a party Defendant, Plaintiff shall served the third amended complaint on Hernando County as provided for under

---

[1] The heading under this part of Plaintiff's response, part III, states that "**Plaintiff Has Alleged Facts Sufficient to Establish Hillsborough County as a Proper Party to this Action.**" The Court assumes this was a scrivener's error and Plaintiff's counsel meant Hernando County.

Florida law.  Until such time as Hernando County is properly served with process, it is under no obligation to respond to the third amended complaint.[2]

**DONE AND ORDERED** at Tampa, Florida, on June 20, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

---

[2]  In the event the named Defendant in the third amended complaint files a motion to dismiss, Plaintiff's counsel is advised not to rely in his response on the pleading standard of <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) inasmuch as that standard was abrogated in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 561, 127 S.Ct. 1955, 1968, 127 L.Ed.2d 1955 (2007).