## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TEKOVA CASTILLO,

    Plaintiff,

v.                                                                                   CASE NO: 8:12-cv-2815-T-26MAP

HERNANDO COUNTY SUPERVISOR OF
ELECTIONS and HERNANDO COUNTY,
FLORIDA,

    Defendants.
_____/

## **O R D E R**

Before this Court is Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint and Request for Sanctions in the Form of Costs and Attorney's Fees. (Dkt. 28). Plaintiff has not filed a response, and the time has passed for filing one pursuant to Local Rule 3.01(b). After careful consideration of the Defendant's submissions, together with the procedural history of this case, the Court concludes that the motion should be granted and the case dismissed against this Defendant.[1]

---

[1] The remaining Defendant, Hernando County, Florida, has not been served, although the Court notes that a summons was issued July 25, 2013. See docket 29.

The Third Amended Complaint[2] is the fourth complaint filed in this action. Plaintiff has been advised by this Court in two prior orders[3] of the fatal insufficiencies in the allegations of the past complaints. The Court does not see any significant changes, however, in this Third Amended Complaint that would salvage this action against the Hernando County Supervisor of Elections.[4]

In the last order dismissing the Second Amended Complaint entered June 20, 2013,[5] this Court instructed Plaintiff to identify the proper party defendant and to state a cause of action against such defendant. As had been noted in the order of May 6, 2013, dismissing the First Amended Complaint, the two Defendants are separate entities, one of which is Plaintiff's employer. See Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1341-44 (11th Cir. 1999).[6] Plaintiff now asserts that, on the one hand, both Hernando

---

[2] See docket 27.

[3] See docket 22, the Order of May 20, 2013, dismissing the First Amended Complaint, and docket 26, the Order of June 20, 2013, dismissing the Second Amended Complaint.

[4] The deficiencies in the complaint, as will be addressed, are likewise applicable to Hernando County, Florida, but the record does not reveal whether Hernando County has finally been served with process.

[5] See docket 26, Order dated June 20, 2013.

[6] The Eleventh Circuit wrote that "when assessing whether multiple governmental entities are a single 'employer' under Title VII, we begin with the presumption that governmental subdivisions denominated as separate and distinct under state law should not be aggregated for purposes of Title VII." Lyes, 166 F.3d at 1345. The standard adopted is "whether the fact finder reasonably could conclude the plaintiff has *clearly* overcome the presumption." Id. Substantial deference is given to a state's

County and the Hernando County Supervisor of Elections are his employers, and, on the other hand, only Hernando County is his employer.[7] Plaintiff appears to be combining the two distinct entities into one employer, which he may not do. His allegations make clear that the alleged racial discrimination derived from the "unlawful employment practices" of Hernando County,[8] and the acts of one particular county commissioner. He complained to the Supervisor of Elections and to the Hernando County Human Resources Department and also filed a formal complaint against the Supervisor of Elections.[9] Although he claims to have been employed by Hernando County, he was terminated by the Supervisor of Elections.[10] His repeated reference to the "Defendants" plural makes

---

own distinctions between its governmental subdivisions. Id. at 1344. Here, the Supervisor of Elections, not the county, hires and fires and the "independence of the supervisor of elections shall be preserved" concerning the hiring and firing of personnel. See §98.015(8) and § 129.202(2), Fla. Stat.

[7] Compare docket 27, para. 6 ("Defendants . . . were Plaintiff's employers at all times material to this Complaint"), para. 8 (Plaintiff . . . was employed as an Elections Specialist by Defendant, Hernando County"), para. 9 ("Defendant engaged in unlawful employment practices"), para. 22 (Hernando County . . . has control over county employees, including the Hernando County Career Service Employees working within the Hernando County Supervisor of Elections Office"), para. 23 (Plaintiff . . . was an employee of Hernando County"), para. 26 ("[p]laintiff filed the first two Charges of Discrimination against his employers with the EEOC"), and all three counts seeking claims and damages against Defendants (plural).

[8] See docket 27, paras. 8 & 9.

[9] See docket 27, paras. 20 & 21 and docket 20, Exh. A.

[10] See docket 27, para. 29 ("Plaintiff received a phone call Friday evening from his Supervisor Annie Williams, in which she terminated his employment with the County."). Annie Williams was the Supervisor of Elections. See docket 27, para. 21.

this Third Amended Complaint an impermissible shotgun pleading. Cf. Jordan v. PHH Mortg. Corp., No. 1:10-cv-967-TWT-CCH, 2010 WL 5058638 (N.D. Ga. Nov. 5, 2010) (finding that plaintiff's reference to multiple defendants where only one defendant was named, makes it "impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant."), report and recommendation approved in 2010 WL 5055809 (N.D. Ga. Dec. 6, 2010).

Based on the facts as asserted in the Third Amended Complaint, the only actions of discrimination are alleged to have been committed by a county commissioner, who is not under the supervision of the Supervisor of Elections. Amidst all of the references to both Defendants as employers, Plaintiff admits that he was fired by the Supervisor of Elections. The separateness of the Defendants belies any conclusion that the Supervisor of Elections may be responsible for the actions of a county commissioner. Consequently, the Third Amended Complaint is dismissed with respect to the Hernando County Supervisor of Elections.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Third Amended Complaint (Dkt. 28) is **GRANTED.** This case is hereby dismissed as to Defendant Hernando County Supervisor of Elections only. Defendant's request for costs and attorney's fees is denied.

**DONE AND ORDERED** at Tampa, Florida, on August 9, 2013.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record