**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TEKOVA CASTILLO,

     Plaintiff,

v.                                                              CASE NO: 8:12-cv-2815-T-26MAP

HERNANDO COUNTY SUPERVISOR OF
ELECTIONS and HERNANDEZ COUNTY,
FLORIDA,

     Defendants.

_____/

**O R D E R**

     Before the Court is Defendant Hernando County's Motion to Dismiss Plaintiff's

Third Amended Complaint or, in the alternative, Motion for Summary Judgment and

Request for Sanctions.  (Dkt. 33).  Plaintiff has not filed a response, and the time has

passed for filing one pursuant to Local Rule 3.01(b).  After careful consideration of the

Defendant's submissions, together with the procedural history of this case, the Court

concludes that the motion should be granted and the case dismissed.

     The Third Amended Complaint[1] is the fourth complaint filed in this action.

Plaintiff has been advised by this Court in two prior orders[2] of the fatal insufficiencies in

---

    [1]  See docket 27.

    [2]  See docket 22, the Order of May 20, 2013, dismissing the First Amended
Complaint, and docket 26, the Order of June 20, 2013, dismissing the Second Amended
Complaint.

the allegations of the past complaints.  The Court does not see any significant changes, however, in this Third Amended Complaint that would salvage this action against the remaining Defendant, Hernando County.[3]

In the order dismissing the Second Amended Complaint entered June 20, 2013,[4] this Court instructed Plaintiff to identify the proper party defendant and to state a cause of action against such defendant.  As had been noted in the order of May 6, 2013, dismissing the First Amended Complaint, the two Defendants are separate entities, one of which is Plaintiff's employer.  See Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1341-44 (11th Cir. 1999).[5]  Plaintiff now asserts that, on the one hand, both Hernando County and the Hernando County Supervisor of Elections are his employers, and, on the other hand, only Hernando County is his employer.[6]  Plaintiff appears to be combining the two

---

[3]  On August 9, 2013, this Court granted Hernando County Supervisor of Elections' Motion to Dismiss without leave to amend.  See docket 30.

[4]  See docket 26, Order dated June 20, 2013.

[5]  The Eleventh Circuit wrote that "when assessing whether multiple governmental entities are a single 'employer' under Title VII, we begin with the presumption that governmental subdivisions denominated as separate and distinct under state law should not be aggregated for purposes of Title VII."  Lyes, 166 F.3d at 1345. The standard adopted is "whether the fact finder reasonably could conclude the plaintiff has *clearly* overcome the presumption."  Id.  Substantial deference is given to a state's own distinctions between its governmental subdivisions.  Id. at 1344.  Here, the Supervisor of Elections, not the county, hires and fires and the "independence of the supervisor of elections shall be preserved" concerning the hiring and firing of personnel. See Fla. Stat., §§ 98.015(8) and 129.202(2).

[6]  Compare docket 27, para. 6 ("Defendants . . . were Plaintiff's employers at all times material to this Complaint"), para. 8 (Plaintiff . . . was employed as an Elections

distinct entities into one employer, which he may not do.  His allegations make clear that

the alleged racial discrimination derived from the "unlawful employment practices" of

Hernando County,[7] and the acts of one particular county commissioner.  He complained

to the Supervisor of Elections and to the Hernando County Human Resources Department

and also filed a formal complaint against the Supervisor of Elections.[8]  Although he

claims to have been employed by Hernando County, he was terminated by the Supervisor

of Elections.[9]  His repeated reference to the "Defendants" plural makes this Third

Amended Complaint an impermissible shotgun pleading.  Cf. Jordan v. PHH Mortg.

Corp., 2010 WL 5058638 (N.D. Ga. 2010) (finding that plaintiff's reference to multiple

defendants where only one defendant was named, makes it "impossible to ascertain what

factual allegations correspond with each claim and which claim is directed at which

_____

Specialist by Defendant, Hernando County"), para. 9 ("Defendant engaged in unlawful
employment practices"), para. 22 (Hernando County . . . has control over county
employees, including the Hernando County Career Service Employees working within the
Hernando County Supervisor of Elections Office"), para. 23 (Plaintiff . . . was an
employee of Hernando County"), para. 26 ("[p]laintiff filed the first two Charges of
Discrimination against his employers with the EEOC"), and all three counts seeking
claims and damages against Defendants (plural).

[7]   See docket 27, paras. 8 & 9.

[8]   See docket 27, paras. 20 & 21 and docket 20, Exh. A.

[9]   See docket 27, para. 29 ("Plaintiff received a phone call Friday evening from his
Supervisor Annie Williams, in which she terminated his employment with the County.").
Annie Williams was the Supervisor of Elections.  See docket 27, para. 21.

defendant."), report and recommendation approved in 2010 WL 5055809 (N.D. Ga. 2010).

Based on the facts as asserted in the Third Amended Complaint, the only actions of discrimination are alleged to have been committed by a county commissioner, who is not under the supervision of the Supervisor of Elections.  Amidst all of the references to both Defendants as employers, Plaintiff admits that he was fired by the Supervisor of Elections.  By Florida statute, Hernando County is prohibited from participating in the hiring, disciplining, and firing of employees of the Supervisor of Elections.  See Fla. Stat. § 129.202(2).[10]  Absent an employer-employee relationship between Hernando County and the Plaintiff,[11] no claim for relief exists under Title VII,[12] the Florida Civil Rights

---

[10]   Section 129.202(2) provides in pertinent part:
The independence of the supervisor of elections shall be preserved concerning .  .  .  the selection of personnel; and the hiring, firing, and setting of salaries of such personnel; . . .

[11]   The Third Amended Complaint contains contradictory statements about Plaintiff's employer.  Plaintiff alleges that he was an "employee engaged by the office of Hernando County Supervisor of Elections and assigned the duties of Elections Specialist I" and "worked in the Supervisor of Elections Office," and also states he was "employed as an Elections Specialist by Defendant, Hernando County."  See docket 27, paras. 4, 8 & 23 (emphasis added).

[12]   Cf. Andela v. University of Miami, 461 F. App'x 832, 837 (11th Cir. 2012) (unpublished) (upholding dismissal of Title VII claim against a university that was not employer but had relationship with the university lab where plaintiff was employed and conducted his research).

Act, or the Fair Labor Standards Act.[13]  Consequently, the Third Amended Complaint is

dismissed with respect to Hernando County.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to

Dismiss the Third Amended Complaint (Dkt. 33) is **GRANTED.**  This case is hereby

dismissed as to Defendant Hernando County.  Defendant's request for costs and

attorney's fees is denied.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on September 11, 2013.

  s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[13]   To the extent Plaintiff may have attempted to allege that Hernando County asserted control over the Supervisor of Elections and is therefore liable under a "cat's paw" theory, Plaintiff's allegations are woefully insufficient and he has not alleged clearly and cannot  prove that he worked for Hernando County.  See Williamson v. Adventist Health System/Sunbelt, Inc., 372 F. App'x 936 (11th Cir. 2010) (unpublished opinion) (holding that corporate parent of hospitals where plaintiff was placed pursuant to his employment with a medical staffing agency was not liable under Title VII for race-based discrimination under "cat's paw" theory because hospitals operated independently of parent corporation with respect to personnel matters).